Good morning, Your Honors. May it please the Court, Counsel. My name is Eric Satchin and I represent the appellant John Stahl in this matter. The Stahl-Hutterian Brethren is a Washington non-profit corporation. It is a 501-D organization and is primarily engaged in farming. It is a corporation, but it files a partnership tax return. It reports its income, its deductions, but pays no corporate-level income tax. Rather, the members of such organization include on his or her personal income tax return the net income of the corporation as a dividend, and they pay the according tax. The corporation as an entity separate and distinct from its members in this case is important, and the legislative history of Section 501-D tells us a little bit why that occurred. In essence, at the time that 501-D and its predecessor were enacted, Congress was concerned that members of organizations such as this that are typically precluded from owning property outside of the corporation would not be able to take advantage of the personal exemptions, and also the corporation, as it would not be able to distribute the assets from the corporation to the individual members, would be subject to the undistributed profits tax. So 501-D was created to allow the members to report on their personal income tax returns, whether or not the assets were distributed out of the corporation or not, and that enabled the individuals to take their individual exemptions and the corporation to pay no corporate-level tax. Your clients get no wages, is that correct? They get no wages, that is correct. They receive other types of compensation, yes. In this case, the corporation filed its partnership income tax return for 1997 through 1999, but it paid no corporate-level income tax on here. Mr. Stahl, the appellant in this case, filed his 1997 through 1999 individual income tax return, reporting his pro rata share of the corporation's net income, and paid the according tax. I'm asking, you said that they get the income as a dividend, right? Yes, Your Honor. Now, partnerships don't work that way, so it doesn't sound like partnership accounting, really. It sounds closer to a sub S, but maybe not that even, because dividend is ordinary income, right? That would be correct, yes, Your Honor. Partnership would be, you'd be playing around with the capital gain, is it ordinary income, is it this, is it that, is it something else? That would be correct, and this court in the Kleinsasser case clearly held that this is not a partnership type of case. Right, it's just treated like a dividend from a corporation. You are correct, Your Honor. It is passed on down from the corporation to the individual members, and he or she picks it up in their return. But it's not really partnership accounting as such, it sounds. You are correct. Okay. Yes. In this case, Mr. Stahl filed claims for refund. Pardon me. The corporation filed amended returns, and Mr. Stahl filed an amended tax return, which is a claim for refund. Such refund was denied, and this case was instituted. And at the district court, the district court judge found two things. First of all, that Mr. Stahl was not an employee of the corporation, and that the food, lodging, and medical benefits provided to him by the corporation were not because of the business purpose of the corporation, but were because of their faith, their hoodooite beliefs on here. And the district court is erroneous. First of all, Mr. Stahl is an employee of the corporation. The benefits that are provided to him under the corporate governance documents and under the testimony of Mr. Stahl are because of the farming operations. The corporation gets a section 162 deduction for all the ordinary and necessary expenses of maintaining his workforce. Counsel, when the income for the corporation, which is not subject to corporate tax, I understand, is then divided among the partners, there are 68 members of the family. Is that correct, 65? 65 depends on how many children. Does each one of them take a 165th, or is it allocated in some ways? Is Mr. Stahl worth more to the corporation than something else? Does he have a larger share? No, you're right. Under Section 501D, it has to be on a prorated basis, so it's the 165th to answer your question. Okay. So a child, a 5-year-old, is treated the same as a 45-year-old? Yes, Your Honor, because all members of the corporation are required to work. Mr. Stahl's testimony provides that even members as such as young as 3 years old work on the farm, and his dad, who passed away at the age of 80, worked until the very day that he passed away. So are 1-year-olds taxed as well? 1-year-olds are taxed, Your Honor. It would be a little difficult to find them to be employees, isn't it? At that point. I run afoul of some child labor laws or something. Well, child labor laws are exemptions for working on a family-held farm, and this is a family-held farm, Your Honor. The 65 members, as Your Honor points out, these are all members of the Stahl family. They came down from Canada, worked over to Montana, to eastern Washington. These are members of a family. These families have continued the farming operation that has existed with this family for a generation. Now, they all are family members on here. In order to take care of this farm, this corporation needs workers. It needs individuals, and the corporation is entitled under Section 162 to have a deduction for the costs, which are associated with the maintenance of those workers. And with these closely-held farming corporations, the government even acknowledges in a 2002 field service advisory that these type of situations where a closely-held farm corporation is entitled to deduct the- What other things is the corporation deducting at this point? Cost of farm equipment? Yes, Your Honor. Seed, fertilizer, things like that? Correct, Your Honor. There are some evidence in the record that there are other employees. I saw a reference to tutors. Are there other employees? Are there seasonal employees? Yes, Your Honor. The articles of the corporate governance documents say that they do not teach themselves. They hire accredited Washington teachers. The corporation is not deducting the cost of the tutors, is it? They're employees of the corporation. Okay, so it is deducting the cost of the tutors. Yes, Your Honor. Okay. Are there seasonal employees? Yes, Your Honor. And the cost of those employees is also deducted by the corporation? Well, they're not necessarily employees in this case, Your Honor. They pay a labor service, so they are considering to pay like a labor-ready source, and the labor-ready provides- But that's the cost of the corporation, therefore deducted from their- Right, but Your Honor is correct. That is the cost of the corporation, but they are not technically employees. Got it. That's an outside service. Sure. They're treated the same as though they were a tractor, so it's a cost to the corporation which they're going to deduct from their- You are correct. Okay. In this case, the district court held that Mr. Stoll was not an employee of the corporation. But the facts are this. There's 30,000 acres. Someone needs to go ahead and work it on here. The district court identified the primary issue, the one of control. Here, the directors of the corporation have control over all the things, the corporation. Articles in the Bible establish that. The offices of the corporation carry out the directives of the directors. That would be Mr. Stoll himself. And there are farm managers, which the IRS in Revenue Ruling 56-440 states, and this is an employment tax case on there. This case isn't just about Mr. Stoll. It is as far as we're concerned. But if I understand, it's kind of a test case and some kind of agreement that what goes for him goes for the rest of them? You are correct, Your Honor. Okay. Yes, there was an agreement between the parties that they would test Mr. Stoll individually, and that would determine the 97 through 99 and subsequent years. Period. Correct. Okay. Yes. The district court case identified the control issue and state that there was no control. But the facts of this case, the articles, the bylaws, the corporate governance documents, state that there is control. And Mr. Stoll in his deposition said that if someone wasn't doing a job, he'd move them to someplace else, and also they could go ahead and expel them. And in his testimony, he said, well, the Stoll-Hutterian brethren has never, you know, expelled somebody since they've only been around since 1989. He is aware of other Hutterian brethren on there expelling their members, their employees. So the most important test is the issue of control. Here there is control. I'd also like to point out that the government argues that the benefits were paid to him because of religious principles on here. Well, the religious principles are the faith and belief of the individual members and not why they work. And Mr. Stoll in his testimony, when asked by government counsel whether or not they had to farm because of religious principles, he said, no, it is not. That's just the way that we have always done it, the Stolls on here. And the articles, Articles 2 and 3, Article 3A talks about the faith of the members. You're down to a minute. You may wish to reserve some time. Thank you, Your Honor. And Article 3B talks about that the corporation will continue the farming of the individual members. And with that, I'll reserve the remainder of my time. May it please the Court. Patrick Erta for the United States. The district court correctly granted summary judgment to the United States because the food and medical expenses at issue here, by the way, the lodging is no longer at issue, the food and medical expenses at issue were not deductible business expenses under 162 of the Internal Revenue Code, but personal living expenses which were provided for a taxpayer and the other members because of their personal religious beliefs as Hutterites. In addition, as the district court correctly concluded, the members were not employees and thus the expenses cannot be deducted under 162. Now, I'd like to talk about each of those issues in turn, and starting with the statutory language, which under 162 of the Internal Revenue Code, all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business are deductible on the corporate level. Now, if these individuals are not employees, what's the consequence? Does the, and let's leave apart the things that can or cannot be deducted for the moment, does then the corporation have to pay the tax? Or what is the consequence of that? Well, the corporation is no longer entitled to the deduction if they are not employees. And part of the reason is the one section that wasn't really discussed, but that's at play here, and that's section 119. Now, as we've heard, 501D basically strips away the corporate level of taxation, so there's only one level of taxation. And if these people are employees such that the expenses are deductible, normally they would be, the expenses of meals and health care would be includable as value that they received. But under 119, they are able to exclude the value of meals, and under another section, the value of health care provided if they are employees. That's the crux of this case, Judge Fletcher. If they're not employees, they're not able to exclude that value from their personal tax returns. Well, then could the corporation deduct it? That's correct. If they're not employees? That's correct, Judge Fernandez. Well, that's sort of secular, is it not? Well, they need both prongs. They need to fit within 162 and 119 to get the special deduction that they're trying to seek. Otherwise, the value is there someplace. Well, if the corporation can deduct it, then it's not passing through the income, is it? Well, you're right, Judge Fernandez. If the corporation has $10 of expense, gets $100 in, and it's $10 deductible expense, it's not a partnership. So the corporation is then passing through $90 of income, correct? That's correct, Judge Fernandez. If the corporation has expense for employees, presumably it can deduct the expense of employees and then pass through what's left. Is that not true? You're precisely right. Well, you don't have to do it at both levels. Well, just to explain a little bit, that 119 is actually very important because it's an exclusion. If they don't qualify for that 119 exclusion, that $10 of value that was deducted on the corporate level will actually be includable to them as individuals because they received $10 of additional value. Unless, of course, the thing that makes it deductible at the corporate level can also make it not picked up by them because it's done for the benefit of the corporation. The whole thing is for the benefit of the corporation, nothing to do with them. They're just forced to participate in that food, as happens in some of the casinos, I gather. I completely agree with you, Judge Fernandez. But you've got to make them employees, though, to have any of it work. That's right. We're back to that. Exactly. By the employees. As the district court properly ruled, they aren't employees. There are a couple of district court cases that are instructive on this, the Woolman v. Poinsett Hutterian Brethren case, as well as the Israelite House of David case. In those cases, as well as this court's precedent, there are a number of factors to look at to see if someone is an employee. Right to control, right of discharge, hiring, firing, whether wages and employment taxes are paid. Judge Bybee, you actually pointed out a perfect example. They have employees who are not members, and those employees are treated like real employees, as the district court has said. It's not just the teachers. In a farm in Oregon, they actually have three farm workers, and the farm workers don't get their food and their health care, and they're real employees. What if they bargained with the workers over health care and food? What if they said, look, we'll pay you $50 a week for your services, or you can take $30 a week and we'll feed you breakfast and lunch, and you know that we serve really, really good food around here, and so this is a great alternative to eating at McDonald's. Now, what happens? How does the corporation account for the meals that they're providing in lieu of cash on the barrel head? Well, I think that that would be, for example, just like cash on the barrel head, because they're providing the value as part of the bargain for doing their business. So they could deduct that for those folks as ordinary and necessary business expenses, but they'd have to be employees. And here the members are not employees. You have people aren't hired to work on the Hutterian farm who are members. They become part of the Hutterian religion. What do you think is the – from your perspective, what is the most important fact indicating that they should not be classified as employees here? Well, I actually think that – You've got these 20 factors that appear in the regs. Which of those are the most important ones from the government's perspective here? I think that the government concedes that the right to control is the most important factor in this type of analysis. But I also believe that the right to control doesn't really tell us much in this case. There – as in Israelite House of David, there is some control here. But quite frankly, as counsel explained – They're running a huge farm. This is 30,000 acres. This is an enormous piece of property. And it's all family run. The control is in the religion itself. So each of the members have equal control. But I'm not aware of anything in the record that suggests that religious principles are dictating how you harvest potatoes. Well, and there's – and Judge Biby, you're right. And I think that there is nothing in the record that shows that the corporation is controlling that at all. But there are a lot of people who may have a religious motivation for seeking a particular kind of employment. That doesn't mean that their employment is not employment. Well, I think that that's right. However, I think that in this case, if you look at the employment structure, including the way that the employment relationship starts and the way that the family as a whole runs this, they rotate the presidency. There is no termination per se. There's only expulsion from the religion. And so I don't think that it's actually an employment relationship if you contrast it with the folks that they actually do employ, the teachers and the other folks on the farm. It's a nontraditional structure. But it is clear that we've got people who are getting up and going to the same place and doing good manual labor every day, that there is some organization and structure here that people are free to leave or may be expelled and not allowed to return to the farm. Well, I think that there is no question that they do work. But the question is, why do they do the work? And that actually brings us to our initial point, which is was this attributable to the carrying on of the trade or business? Remember, we're talking about the meals and the health care that were provided. Isn't that what 501D is about? It's precisely what 501D is about. It's so that the government can't say, oh, well, you're not a trade or business. Or, oh, well, you're a 501C3 with outside income you have to pay income tax on. Or, oh, well, this or that. Didn't Congress say, look, we're going to let it be a trade or business. We're just going to treat it differently. That's precisely right, Judge Fernandez. They eliminated one level of taxation. But that doesn't mean that under 162, you don't have to have expenses attributable to the carrying on of the trade or business. The reason, according to the deposition testimony of Mr. Stahl, the reason that they provided the food and the health care is because of the communal living. Is 501D the section that's applicable to certain Catholic cloistered communities? I see that my time's up. I'd like an answer to the question, sure. Actually, most of those, from what I understand, is 501C3. So they actually, for example, the Klein-Saucer case and the Monastery private letter ruling that was referenced in some of the briefs, actually deal with 501C3 and a concept called unrelated business taxable income, which is wholly and completely separate from 501C3. Okay, but the certain cloistered communities, those are the cloistered monks, for example, who are either working vineyards or baking bread or something like that. Those are not handled under 501D? Well, it depends on my understanding is most of them are 501C3s, but it depends on how they structure it themselves. I take it you don't know right off the top of your head how those communities are treated, whether the members of those communities are treated as employees. No, I don't. Okay. If there are no further questions. Thank you, counsel. Yes, sir. This is a case in first impression, Your Honor, so there is no precedent out there that establishes how employees or members of 501D organizations or whether they're considered to be employees. But I'd like to rebut a few key points that the government raised. They brought up the Israelite House of David case. That is a case in which in 1992 field service advice, the government then says, oops, we now believe that there was a modicum of control over here, and we do believe that had those facts been presented under current law, they would be considered to be employees. Now, in a 2002 non-document service advisory report on here, in a string citation, the government cited that case for the sole proposition that, oh, it's probably not for employment tax purposes, whether or not they have to go ahead and do withholding in here. But the primary issue was control on here, and that's something that the government themselves acknowledges. Here, the corporate government documents establish control on the board of directors and the officers. The testimony of Mr. Stahl establishes what happens if somebody doesn't carry out their jobs on here. If we get beyond that employee-employer context, then 162 allows all ordinary and necessary expenses. And if we're asked to look at the plain language of the statute, nowhere within the plain language of the statute under 162 does it say that tax-exempt organizations have a different set of rules in determining how we calculate their ordinary and necessary businesses. There's nothing that's out there. You may want to wrap up. Counsel, you're over your time. Okay, thank you. In summary, Your Honors, there's no separate set of rules for 501D organizations. They get the same expenses to maintain their organizations as everybody else. And we urge you to go ahead and reverse the district court decision, as he was an employee, and they're entitled to their deductions. Thank you very much. We thank both counsel for a very helpful argument in a very curious case with some very interesting issues here. And with that, the Court has completed the oral argument docket for today, and we will stand in recess until tomorrow. All rise.
judges: Fletcher B. , Fernandez, Bybee